UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF THE IRON WORKERS'
LOCAL NO. 25 PENSION PLAN, et al.,

    Plaintiffs,

vs.

                Civil Action No. 13-CV-14895
                HON. MARK A. GOLDSMITH

C&A RE-STEEL SERVICE, INC.
and CURTIS ALLAIN,

    Defendants.
_____/

**OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT C&A RE-STEEL SERVICE, INCORPORATED (DKT. 14) AND GRANTING MOTION FOR IMMEDIATE ENTRY OF DEFAULT JUDGMENT (DKT. 18)**

The matter is presently before the Court on Plaintiffs' motion for default judgment as to Defendant C&A Re-Steel Service, Incorporated ("C&A") (Dkt. 14), which the Court set for hearing on March 12, 2014, and Plaintiffs' motion for immediate entry of default judgment and/or for an expedited hearing date (Dkt. 18). For the reasons that follow, the Court grants the motion for default judgment and the motion for immediate entry of default judgment.

This case concerns a Collective Bargaining Agreement ("CBA"). Plaintiffs allege in their complaint that C&A is a signatory to a CBA entered into between Local Union No. 25, International Association of Bridge, Structural and Ornamental Iron Workers, AFL-CIO and various Employers and Employer Associations. Compl. ¶¶ 5-6 (Dkt. 1). Plaintiffs assert that pursuant to the CBA, C&A is required to make monthly fringe benefit contribution payments. Id. ¶ 10. The complaint alleges that C&A has failed to

1

make these monthly fringe benefit payments, in violation of the CBA and 29 U.S.C. § 1145. Id. ¶ 16. C&A has not appeared in this case, and on January 2, 2014, a clerk's entry of default was entered against C&A (Dkt. 9).

The motion for default judgment seeks an entry of judgment against C&A in the total amount of $53,764.72. Mot. at 4. The motion asserts that under to the CBA, C&A owes Plaintiffs contributions in the amount of $51,135.86 for the months of September 2013 through November 2013. Id. at 3. Plaintiffs also seek interest on the unpaid contributions and attorney fees and costs. Id. at 2. The motion further requests (i) that C&A be ordered to provide its books and records for a complete audit to determine all due and owing contributions; (ii) that the Court amend its judgment to include an amount determined after the audit is conducted; (iii) that Defendants be ordered to abide by all terms and conditions of the CBA; and (iv) that jurisdiction of this matter be retained pending compliance with the Court's orders. Id. at 5-6.

The subsequently-filed motion for immediate entry of default judgment asserts that C&A is unrepresented and that Defendant Curtis Allain ("Allain") was the sole shareholder and president of C&A. Mot. ¶ 4. The motion further asserts that Allain does not object to judgment being entered against C&A in the amount specified. Id.

On February 19, 2014, the Court ordered Allain to file a supplemental affidavit or declaration. Order (Dkt. 19). On February 25, 2014, Allain submitted a supplemental affidavit stating, in part:

> 3. The Motion [for Default Judgment] seeks entry of a Judgment against C&A Re-Steel Services, Inc. in the amount of $53,764.72.
>
> 4. I am the former principal of C&A Re-Steel Services, Inc., which is now defunct, and no longer operating. C&A has no funds to defend this

cause of action, and I do not intend to contest the entry of a Judgment by Plaintiffs against C&A Re-Steel Services, Inc. in the requested amount.

Affidavit (Dkt. 20).

Having reviewed the motion for default judgment, the motion for immediate entry of default judgment, and Allain's affidavit, the Court turns to applicable law. Under Federal Rule of Civil Procedure 55, a court may enter a default judgment against a defendant who has failed to plead or defend against an action. To obtain a judgment by default, the party moving for judgment must first seek a clerk's entry of default under Rule 55(a). See Burridge v. McFaul, 181 F.3d 100, at *2 (Table) (6th Cir. Apr. 23, 1999). Once the clerk's office enters a default, the well-pleaded factual allegations in the complaint are deemed admitted. Ford Motor Co. v. Cross, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006); see also Federal Rule of Civil Procedure 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). After the clerk's entry of default is obtained, the proponent may file for default judgment by the clerk, if the amount sought is a sum certain, or by the Court, if the amount sought is not a sum certain. Fed. R. Civ. P. 55(b).

In determining whether entry of a default judgment is warranted, "the district judge is required to exercise sound judicial discretion." Wright & Miller, 10A Federal Practice & Procedure, § 2685 (3d ed.1998) (collecting cases). "Once the court determines that a judgment by default should be entered, it will determine the amount and character of the recovery that should be awarded." Id. § 2688.

In this case, a clerk's entry of default has been entered against C&A. For the reasons that follow, the Court concludes that Plaintiffs have sufficiently shown that C&A violated the CBA and 29 U.S.C. § 1145. Section 1145 provides, "Every employer who is

obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." The CBA, which is attached as an exhibit to the motion for default judgment, provides that employers "shall make contributions to the various Iron Workers' Local No. 25 Fringe Benefit Funds." CBA Article V § 2. The CBA further provides that the trustees or their agents may audit an employer's records to determine whether the employer is complying with the contribution requirements. Id. Article V § 14.

The complaint alleges that C&A, a signatory to the CBA, has failed to make the required monthly fringe benefit contributions. These allegations are deemed admitted by C&A, who has failed to appear or defend against this action. Furthermore, Allain, the former principal of C&A, testified that he does not intend to contest entry of a default judgment against C&A. The Court therefore concludes that C&A has failed to make required monthly contributions in violation of the CBA and 29 U.S.C. § 1145.

The Court turns now to the issue of what relief is warranted. Title 29 U.S.C. § 1132(g)(2) provides:

> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
> **(A)** the unpaid contributions,
> **(B)** interest on the unpaid contributions,
> **(C)** an amount equal to the greater of—
> **(i)** interest on the unpaid contributions, or
> **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

4

      **(D)** reasonable attorney's fees and costs of the action, to be paid by the defendant, and

      **(E)** such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

Plaintiffs assert that the unpaid contributions for September 2013 through November 2013 total $51,135.86; this assertion is supported by schedules submitted by Plaintiffs listing the amounts due for each month (Dkt. 14-5 at 6 (CM/ECF pagination)). The interest accrued on this amount, as indicated by an interest calculation performed by the Certified Public Accountant firm of O'Brien, Rivamonte & Slate, P.C., through January 8, 2014 is $195.86 (Dkt. 14-5 at 2 (CM/ECF pagination)). David J. Selwocki, counsel for Plaintiffs, submitted an affidavit stating that the total fees and costs expended in the matter were $2,235.20 (Dkt. 14-4). Therefore, under 29 U.S.C. 1332(g)(2), Plaintiffs are entitled to a judgment in the amount of $53,764.72.

Finally, the Court notes that Allain, in his affidavit, states that he does not intend to contest the award of a default judgment against C&A in the amount of $53,764.72. For these reasons, the Court awards default judgment to Plaintiffs against C&A as follows:

1) Judgment is entered against C&A in the amount of $53,764.72, as requested in Plaintiffs' motion for default judgment.

2) C&A shall open its books and records in order for Plaintiffs to conduct an audit to determine the amount due and owing to Plaintiff Funds in unpaid contributions.

3) The Court will amend its Judgment to include an amount determined due pursuant to the audit as set forth above, as well as liquidated damages thereon, including accumulated interest, actual attorney fees, court costs, audit and

other collection costs pursuant to 29 U.S.C. § 1132(g)(2) and any other amounts that become due during the pendency of this matter. Said other amounts will be ordered upon further submissions to the Court by Plaintiffs in a reasonable amount of time after completion of the audit.

4) C&A shall abide by all terms and conditions of the applicable CBA regarding the payment of contributions, including, but not limited to, timely payment of contributions and posting of the required cash deposit or surety.

5) Jurisdiction of this matter is retained pending compliance with the Court's orders.

SO ORDERED.

Dated:  March 5, 2014             s/Mark A. Goldsmith
        Flint, Michigan           MARK A. GOLDSMITH
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 5, 2014.

                                  s/Deborah J. Goltz
                                  DEBORAH J. GOLTZ
                                  Case Manager